1   T. Scott Belden, SBN 184387
    *scott@bbr.law*
2   Daniel N. Raytis, SBN 218374
    *dan@bbr.law*
3   BELDEN BLAINE RAYTIS, LLP
    5016 California Avenue, Suite 3
4   Bakersfield, California 93309
    Telephone: (661) 864-7827
5   Facsimile: (661) 878-9797

6   Attorneys for Plaintiff
    GEO GUIDANCE DRILLING SERVICES, INC.

7

8

9            **UNITED STATES DISTRICT COURT**

10           **EASTERN DISTRICT OF CALIFORNIA**

11   GEO GUIDANCE DRILLING SERVICES,    Case No.
    INC., a California corporation,
12
             Plaintiff,         **COMPLAINT FOR DAMAGES FOR:**
13
      v.                   1.   **NEGLIGENT**
14                             **MISREPRESENTATION;**
    RENAISSANCE RESOURCES, LLC, a      2.   **INTENTIONAL**
15   Wyoming limited liability company,             **MISREPRESENTATION;**
                                 3.   **BREACH OF FIDUCIARY DUTY;**
16             Defendant.       4.   **NEGLIGENCE; AND**
                                 5.   **BREACH OF ORAL CONTRACT**
17
                               **DEMAND FOR JURY TRIAL**
18

19       Plaintiff GEO GUIDANCE DRILLING SERVICES, INC., a corporation duly organized

20 under the laws of California, alleges against Defendant RENAISSANCE RESOURCES, LLC, a

21 limited liability company duly organized under the laws of Wyoming, as follows:

22                     **JURISDICTION AND VENUE**

23       1.      This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332, in

24 that this is a civil action between citizens of the State of California and citizens of the State of

25 Wyoming and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

26       2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that a

27 substantial part of the events, omissions, and/or transactions giving rise to the claim occurred in this

28 district.

**PARTIES**

3.     Plaintiff GEO GUIDANCE DRILLING SERVICES, INC. ("Plaintiff" or "GEO GUIDANCE") is, and at all relevant times mentioned herein was, a corporation duly incorporated under the laws of the State of California, with its principal place of business located at 200 Old Yard Drive, Bakersfield, California 93307.

4.     GEO GUIDANCE is authorized to transact business and has transacted business in the State of Colorado.

5.     Plaintiff is informed and believes, and on that ground alleges, that Defendant RENAISSANCE RESOURCES, LLC ("Defendant" or "RENAISSANCE") is a limited liability company formed under the laws of the State of Wyoming, with its principal place of business located at 3605 Purple Sage Road, Cheyenne, Wyoming 82001.

6.     Plaintiff is informed and believes, and on such information and belief hereupon alleges, that at all times relevant to this Complaint and subject to this action, RENAISSANCE was duly authorized and permitted to transact business in the State of California and in the State of Colorado.

**FACTUAL ALLEGATIONS**

**Background**

7.     GEO GUIDANCE is, and at all relevant times set forth herein was, a full-service directional drilling services provider in the petroleum industry.

8.     Plaintiff is informed and believes, and on that ground alleges, that RENAISSANCE is, at all relevant times set forth herein was, a personnel management consulting company that provides directional drilling and measurements while drilling (collectively, "MWD") engineers and operators to companies in the petroleum industry.

9.     Plaintiff is informed and believes, and on that ground alleges, that at all relevant times mentioned herein, RENAISSANCE claimed, stated, disseminated, and/or advertised that it hired and trained skilled professional workers with respect to the operation of MWD systems, and provided companies in the petroleum industry with MWD engineers and operators demonstrating and performing with substantial knowledge, skills and experience in MWD in order to

professionally manage each company's respective MWD projects (collectively, the "Claims and Advertisements").

10.     Plaintiff is informed and believes, and on that ground alleges, that at all relevant times mentioned herein, RENAISSANCE directed such Claims and Advertisements to businesses in the petroleum industry in the State of California, among other states, such as GEO GUIDANCE, in order for businesses in the petroleum industry to retain RENAISSANCE for purposes of performing MWD projects.  In or around 2018, a managing agent of RENAISSANCE, Jake Lemming, traveled to the State of California in order to directly contact and solicit, and in fact did directly contact and solicit, the business of GEO GUIDANCE, asserting the above-referenced Claims and Advertisements, as well as in order to provide MWD project services based thereon.

11.     In or around August 2018, GEO GUIDANCE was retained by a third-party in the petroleum industry, HIGH POINT RESOURCES, to provide MWD services for its then-upcoming drilling program in the State of Colorado (the "Project").

12.     Based on the Claims and Advertisements of RENAISSANCE that were directed to GEO GUIDANCE in California, GEO GUIDANCE engaged and contracted with RENAISSANCE, who claimed to specialize in MWD projects and related services, as well as to represent the most skilled and knowledgeable MWD professionals in the petroleum industry, to provide and fully manage its personnel for the Project. GEO GUIDANCE and RENAISSANCE entered into such an oral contract with respect to the foregoing via telephone in 2018 while GEO GUIDANCE was present and its principal place of business was located in the State of California.  At all relevant time subject to this action, RENAISSANCE was aware and had knowledge, both actual and constructive, that GEO GUIDANCE was entering into such oral contract in the State of California (the "Agreement"); thus, availing itself to the benefits of conducting and carrying out business in, and being subject to, the jurisdiction of the State of California.

13.     Pursuant to the terms and conditions of the Agreement by and between GEO GUIDANCE and RENAISSANCE (collectively, the "Parties"), GEO GUIDANCE and RENAISSANCE agreed that RENAISSANCE would retain and assign to the Project substantially knowledgeable, skilled, and experienced MWD engineers and operators to perform MWD services,

as was previously represented by RENAISSANCE pursuant to the Claims and Advertisements, which included, but was not limited to, properly and accurately operating an MWD survey tool; providing and/or inputting accurate, quality tested data, information, and/or coordinates into the MWD survey tool (including, but not limited to, the proper magnetic correction identified in the planning report provided by GEO GUIDANCE to RENAISSANCE), which is then used to drill in a pre-planned direction and enables the borehole or well to be steered in the chosen direction identified in the planning report in 3D space; and properly measuring, ensuring, and safely maintaining the planned trajectory of the borehole or well as it is drilled, as identified in the planning report provided to them by GEO GUIDANCE (collectively, the "Retained MWD Services").

14.     Pursuant to the Agreement, RENAISSANCE would fully provide and manage, at all times, its MWD engineers and operators that were assigned to the Project by RENAISSANCE.

15.     Pursuant to the Agreement, GEO GUIDANCE and RENAISSANCE also agreed that, at all relevant times, RENAISSANCE would have and maintain adequate liability insurance and necessary coverage amounts in the forms and amounts sufficient to protect GEO GUIDANCE and its clients against any such loss, damage, and/or expense related to the performance of RENAISSANCE and/or the performance of its agents, managers, contractors, employees, and/or volunteers including, but not limited to, all employees that were directly involved in and connected to the Project under the Agreement.

16.     RENAISSANCE represented to GEO GUIDANCE that, pursuant to the Agreement, RENAISSANCE was assigning substantially knowledgeable, skilled, and experienced MWD engineers and operators to the Project in order to perform the Retained MWD Services, and that said MWD engineers and operators would so carry out and perform the Retained MWD Services at the direction and control of RENAISSANCE in accordance with the planning report provided prior to beginning the Project by GEO GUIDANCE.

17.     However, unbeknownst to GEO GUIDANCE, RENAISSANCE instead appointed three ill-experienced, ill-skilled, uninformed, and underqualified individuals as MWD engineers and operators for the Project, namely: Chase Schwabe, Keith Prestridge, and Cody Stokes (collectively, the "Employees").

18.     Plaintiff is informed and believes, and on that ground alleges, that at all relevant times mentioned herein, the Employees were employees of RENAISSANCE and were assigned to the Project by RENAISSANCE for the purposes of carrying out and performing the Retained MWD Service with respect to the Project.

**The Project and the Conduct of Defendant**

19.     Pursuant to the Agreement, the MWD engineers and operators that were to be retained and assigned to the Project by RENAISSANCE were to carry out and perform the Retained MWD Services, which included, among other things, skillfully, knowledgeably, properly, and accurately operating an MWD survey tool; providing and/or inputting accurate, quality tested data or information into the MWD survey tool (including but not limited to the proper magnetic correction identified in the planning report provided by GEO GUIDANCE), which is then used to drill in a pre-planned direction and enables the borehole or well to be steered in the chosen direction identified in the planning report in 3D space; properly measuring the trajectory of the borehole or well as it is drilled and ensuring that the borehole or well is kept safely on the planned trajectory as identified in the planning report provided to them by GEO GUIDANCE.

20.     Prior to beginning the Project, GEO GUIDANCE provided RENAISSANCE, and the Employees retained and assigned to the Project by RENAISSANCE, with a planning report that included, among other things, the proper magnetic correction related data to be inputted into the MWD survey tool for the Project by the MWD engineers and operators that were to be retained and assigned to the Project by RENAISSANCE.  At all times, the information and data provided by GEO GUIDANCE to RENAISSANCE and its Employees retained and assigned to the Project was correct and accurate for purposes of operating the MWD survey tool to perform and complete the Project.  GEO GUIDANCE is informed and believes, and on that ground alleges, that the foregoing operations and procedures are custom practice of and standard in the petroleum industry, of which both RENAISSANCE and GEO GUIDANCE are involved and operate within, and as such, GEO GUIDANCE, at all times relevant to this action, acted in accordance with such industry standard.

21.     Pursuant to the Retained MWD Services that RENAISSANCE and its MWD engineers and operators were to perform in accordance with the Agreement and the planning report

provided by GEO GUIDANCE, the MWD engineers and operators that were to be retained and assigned to the Project by RENAISSANCE were required to follow the terms of the Agreement and the planning report to, in part, input or select true north as the proper magnetic correction with a declination number of 8 degrees, and ensure at all times that such information and data was accurately inputted and selected on the MWD survey tool.

22.     GEO GUIDANCE is informed and believes, and on that ground alleges, that inputting the proper magnetic correction identified in the applicable planning report and conducting a declination correction on the MWD survey tool prior to utilizing the MWD survey tool is standard in the petroleum industry in which RENAISSANCE and GEO GUIDANCE operate.

23.     Pursuant to the Agreement, RENAISSANCE was to retain and assign to the Project, and GEO GUIDANCE expected RENAISSANCE to provide and assign to the Project, substantially knowledgeable, skillful, and experienced MWD engineers and operators that would, among other things, input the proper magnetic correction identified in the planning report provided by GEO GUIDANCE and conduct a declination correction on the MWD survey tool prior to utilizing the MWD survey tool in accordance with industry standards, as well as ensure at all times that such information and data was accurately inputted and selected.

24.     Instead, in or around August 2018, without GEO GUIDANCE's knowledge nor consent, RENAISSANCE retained and assigned the Employees, who were in fact ill-experienced, ill-skilled, uninformed, and underqualified individuals with respect to the performance of the requisite Retained MWD Services and with respect to accurately performing and completing the Project.

25.     However, based on the statements, disseminations, conduct, and representations, both express and implied, set forth by RENAISSANCE, GEO GUIDANCE believed that the Employees were substantially knowledgeable, skillful, and experienced MWD engineers and operators, and remitted payment to RENAISSANCE on the basis that its Employees retained and assigned to the Project were substantially knowledgeable, skillful, and experienced MWD engineers and operators.

26.     In or around August of 2018, the Employees retained and assigned to the Project failed, among other things, to input the proper magnetic correction identified in the planning report provided by GEO GUIDANCE and to conduct a declination correction on the MWD survey tool prior to utilizing the MWD survey tool in accordance with industry standards, as well as to ensure that the borehole or well was kept safely on the planned trajectory as identified in the planning report provided by GEO GUIDANCE.

27.     Instead, the Employees inputted, maintained, and operated the MWD survey tool with the wrong magnetic correction and selected magnetic north instead of true north on the MWD survey tool, causing the well to wrongfully be drilled over 1000 feet off course from that which was required under the Agreement and planning report provided by RENAISSANCE.

28.     As a result of the conduct of RENAISSANCE, GEO GUIDANCE was required to cement and re-drill the well referenced above, utilizing the proper magnetic correction identified in the planning report of GEO GUIDANCE, at GEO GUIDANCE's own expense, resulting an incurred loss to GEO GUIDANCE of over $1,000,000.00.  Damages stemming and resulting from RENAISSANCE's malfeasance is continuing to accrue.

29.     As a result of the foregoing, the conduct of RENAISSANCE has also crippled GEO GUIDANCE's ability to conduct business operations.

30.     Furthermore, in or around November 2018, GEO GUIDANCE filed a claim with the RENAISSANCE's insurance carrier in connection with RENAISSANCE's foregoing conduct, acts, and omissions engaged in by its Employees retained and assigned to the Project for purposes of performing the Retained MWD Services. However, GEO GUIDANCE's claim was denied in or around January 2019, resulting in the filing of this current action.

**FIRST CAUSE OF ACTION**

**NEGLIGENT REPRESENTATION**

**(By Plaintiff Against All Defendants)**

31.     GEO GUIDANCE realleges and incorporates by reference each and every allegation in Paragraphs 1 through 30 as though set forth in full herein.

32.     As set forth above, RENAISSANCE represented to GEO GUIDANCE that, pursuant to the Agreement as well as with respect to the performance of the Retained MWD Services, RENAISSANCE would retain and assign to the Project substantially knowledgeable, skillful, and experienced MWD engineers and operators to perform the said services with respect to and required for completing the Project in accordance with industry standards and the planning report provided by GEO GUIDANCE.  RENAISSANCE also represented to GEO GUIDANCE that the Employees retained and assigned to the Project by RENAISSANCE were substantially knowledgeable, skillful, and experienced MWD engineers and operators that could properly and adequately perform the Retained MWD Services in accordance with industry standards and the planning report provided by GEO GUIDANCE (collectively, the "Representations").

33.     RENAISSANCE negligently represented that the foregoing Representations were true, when in fact the Representations were not true.

34.     At all times relevant hereto, the Representations made, rendered, disseminated, and set forth by RENAISSANCE to GEO GUIDANCE were false.

35.     At all times relevant hereto, RENAISSANCE may have believed that the Representations were true, but RENAISSANCE had no reasonable grounds for believing that the Representations were true when made, rendered, disseminated, and set forth by RENAISSANCE.

36.     At all times relevant hereto, RENAISSANCE failed to exercise reasonable care and/or competence in obtaining and/or communicating the Representations set forth above and in omitting to provide the above-referenced information.

37.     At all times relevant hereto, RENAISSANCE intended that the Representations would be relied upon by GEO GUIDANCE with respect to the performance of the Retained MWD Services and completion of the Project.

38.     RENAISSANCE should reasonably have expected that GEO GUIDANCE would rely on the Representations of RENAISSANCE, and GEO GUIDANCE did so justifiably rely upon said Representations in entering into the Agreement.

39.     GEO GUIDANCE's reliance on RENAISSANCE's Representations was a substantial factor in causing its harm.

40.     As a direct and proximate result of the Representations of RENAISSANCE, GEO GUIDANCE has been harmed, incurred substantial losses, and has been damaged in an amount to be proven at trial but in excess of the jurisdictional minimum of this Court.

41.     RENAISSANCE is liable for the damages suffered by GEO GUIDANCE as a result of the foregoing Representations.

**SECOND CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

**(By Plaintiff Against All Defendants)**

42.     GEO GUIDANCE realleges and incorporates by reference each and every allegation in Paragraphs 1 through 41 as though set forth in full herein.

43.     As set forth above, RENAISSANCE represented to GEO GUIDANCE that, pursuant to the Agreement as well as with respect to the performance of the Retained MWD Services, RENAISSANCE would retain and assign to the Project substantially knowledgeable, skillful, and experienced MWD engineers and operators to perform the said services with respect to and required for completing the Project in accordance with industry standards and the planning report provided by GEO GUIDANCE.  RENAISSANCE also represented to GEO GUIDANCE that the Employees retained and assigned to the Project by RENAISSANCE were substantially knowledgeable, skillful, and experienced MWD engineers and operators that could properly and adequately perform the Retained MWD Services in accordance with industry standards and the planning report provided by GEO GUIDANCE (collectively, the "Representations").

44.     RENAISSANCE intentionally represented that the foregoing Representations were true, when in fact the Representations were not true.

45.     At all times relevant hereto, the Representations made, rendered, disseminated, and set forth by RENAISSANCE to GEO GUIDANCE were false.

46.     At all times relevant hereto, RENAISSANCE knew that the Representations were false when made, rendered, disseminated, and set forth by RENAISSANCE, and made the Representations recklessly and without regard for its truth to induce GEO GUIDANCE into entering into the Agreement for the Project for purposes of performing the Retained MWD Services.

9

COMPLAINT FOR DAMAGES

47.     At all times relevant hereto, RENAISSANCE made, rendered, disseminated, and set forth the Representations intentionally to induce GEO GUIDANCE's reliance thereon.

48.     At all times relevant hereto, GEO GUIDANCE reasonably relied on the intentional Representations made, rendered, disseminated, and set forth by RENAISSANCE.

49.     GEO GUIDANCE's reliance on RENAISSANCE's Representations was a substantial factor in causing its harm.

50.     As a direct and proximate result of the intentional Representations of RENAISSANCE, GEO GUIDANCE has been harmed, incurred substantial losses, and has been damaged in an amount to be proven at trial but in excess of the jurisdictional minimum of this Court.

51.     RENAISSANCE is liable for the damages suffered by GEO GUIDANCE as a result of the foregoing Representations.

**THIRD CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

**(By Plaintiff Against All Defendants)**

52.     GEO GUIDANCE realleges and incorporates by reference each and every allegation in Paragraphs 1 through 51 as though set forth in full herein.

53.     By virtue of the Agreement, RENAISSANCE owed a fiduciary duty to GEO GUIDANCE.

54.     RENAISSANCE breached its fiduciary duty to GEO GUIDANCE by failing to use ordinary diligence and reasonable care in retaining and assigning to the Project adequate MWD engineers and operators with substantial knowledge, skill, and experience in and of the applicable industry in order to adequately perform the Retained MWD Services and complete the Project as set forth under the Agreement and the planning report.

55.     RENAISSANCE also breached its fiduciary duty to GEO GUIDANCE by failing to exercise reasonable care and competence in obtaining and/or communicating the Representations set forth above, which were false, and in omitting to provide the above-referenced information.

56.     The foregoing has resulted in and caused substantial harm to GEO GUIDANCE.

57.     As a direct and proximate result of RENAISSANCE's breach of its fiduciary duty owed to GEO GUIDANCE, GEO GUIDANCE has suffered damages in an amount to be proven at trial but in excess of the jurisdictional minimum of this Court.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiff Against All Defendants)**

58.     GEO GUIDANCE realleges and incorporates by reference each and every allegation in Paragraphs 1 through 57 as though set forth in full herein.

59.     RENAISSANCE had a duty to exercise the ordinary care of a reasonably prudent person or corporation in the same or similar position as RENAISSANCE.

60.     RENAISSANCE violated such standard of care by failing to exercise reasonable care and/or competence in obtaining and/or communicating the above-mentioned Representations, which were false, and failing to provide the information referenced above including, but not limited to, that the Employees that RENAISSANCE retained and assigned to the Project lacked adequate knowledge and experience in the applicable industry such that they could not adequately perform the Retained MWD Services in accordance with the Parties' Agreement.

61.     RENAISSANCE violated such standard of care by failing to exercise reasonable care in retaining and assigning to the Project adequate MWD engineers and operators with substantial knowledge and experience in the applicable industry to adequately perform the Retained MWD Services in accordance with the Parties' Agreement.

62.     RENAISSANCE also violated the above-mentioned standard of care by retaining and assigning the Employees to the Project, as they lacked adequate knowledge to perform, and as such, they were unable to adequately perform the Retained MWD Services in accordance with the Parties' Agreement.

63.     Additionally, RENAISSANCE violated such standard of care in that the Employees of RENAISSANCE that were appointed to the Project and fully managed by RENAISSANCE negligently failed, among other things, to input the proper magnetic correction identified in the planning report provided by GEO GUIDANCE and to conduct a declination correction on the

1   MWD survey tool prior to utilizing the MWD survey tool in accordance with industry standards, as

2   well as to ensure that the borehole or well was kept safely on the planned trajectory as identified in

3   the planning report provided by GEO GUIDANCE; instead, the Employees of RENAISSANCE

4   negligently input the wrong magnetic correction into the MWD survey tool, selecting magnetic

5   north instead of true north on the MWD survey tool, and caused the well to be drilled over 1000

6   feet off course.

7         64.     RENAISSANCE knew or should have known that its actions referenced above

8   would injure GEO GUIDANCE and cause GEO GUIDANCE to incur substantial losses, including

9   lost profits in connection with the Project.

10         65.     As a direct and proximate result of RENAISSANCE's violation, GEO GUIDANCE

11   has suffered damages in an amount to be proven at trial but in excess of the jurisdictional minimum

12   of this Court.

13         66.     RENAISSANCE's violation was not justified, excused, privileged, or consented to.

14   **FIFTH CAUSE OF ACTION**

15   **BREACH OF ORAL CONTRACT**

16   **(By Plaintiff Against All Defendants)**

17         67.     GEO GUIDANCE realleges and incorporates by reference each and every allegation

18   in Paragraphs 1 through 66 as though set forth in full herein.

19         68.     In or around 2018, GEO GUIDANCE and RENAISSANCE entered into an oral

20   contract (i.e., the Agreement), pursuant to which RENAISSANCE agreed that it would provide and

21   assign substantially knowledgeable, skillful, and experienced MWD engineers and operators to the

22   Project in order to perform the MWD Retained Services at the direction and control of

23   RENAISSANCE in accordance with the Agreement and the planning report provided to them by

24   GEO GUIDANCE prior to beginning the Project, including, but not limited to, inputting the proper

25   magnetic correction identified in the planning report provided to them by GEO GUIDANCE and

26   conducting a declination correction on the MWD survey tool prior to utilizing the MWD survey

27   tool in accordance with industry standards, as well as ensuring that at all times the data and

28   information so inputted was correct and operated according thereto.

69.     Pursuant to the Agreement between the Parties, RENAISSANCE would facilitate and fully manage its MWD engineers and operators that were retained and assigned to the Project by RENAISSANCE.

70.     GEO GUIDANCE and RENAISSANCE also orally agreed that, at all relevant times, RENAISSANCE would have and maintain adequate liability insurance and coverage limits in the forms and amounts sufficient to protect GEO GUIDANCE and its clients against any such loss, damage, and/or expense related to the performance of RENAISSANCE and/or the performance of its agents, managers, contractors, employees, and/or volunteers including, but not limited to, the Employees, in connection with the Project under the Agreement.

71.     The Agreement by and between GEO GUIDANCE and RENAISSANCE is valid and binding under applicable state law because it is certain and may possibly be performed within one year. Indeed, RENAISSANCE assigned its Employees to the Project in or around August 2018 and the Project was completed in or around October 2018.

72.     GEO GUIDANCE also continued to operate in good faith under the Agreement between GEO GUIDANCE and RENAISSANCE.

73.     GEO GUIDANCE has fulfilled all of its obligations under the Agreement referenced above.

74.     RENAISSANCE has materially breached its Agreement with GEO GUIDANCE by failing to abide by the terms and conditions as agreed to by the Parties including, but not limited to, by engaging in the following misconduct: failing to retain and assign to the Project adequate MWD engineers and operators with substantial knowledge, skill, and experience in the applicable industry to adequately perform the Retained MWD Services in accordance with the Parties' Agreement; and retaining and assigning the Employees to the Project, as the Employees were ill-experienced, ill-skilled, uninformed, and underqualified individuals, and as such, were unable to and did not adequately perform the Retained MWD Services in accordance with the Agreement and pursuant to the planning report provided by GEO GUIDANCE to RENAISSANCE.

75.     Additionally, RENAISSANCE materially breached its oral Agreement with GEO GUIDANCE in that the Employees of RENAISSANCE that were appointed to the Project and fully

managed by RENAISSANCE failed, among other things, to input the proper magnetic correction identified in the planning report provided by GEO GUIDANCE and to conduct a declination correction on the MWD survey tool prior to utilizing the MWD survey tool in accordance with industry standards, as well as to ensure that the borehole or well was kept safely on the planned trajectory as identified in the planning report provided by GEO GUIDANCE; instead, the Employees of RENAISSANCE negligently input the wrong magnetic correction into the MWD survey tool, selecting magnetic north instead of true north on the MWD survey tool, and caused the well to be drilled over 1000 feet off course.

76.    RENAISSANCE also materially breached its Agreement with GEO GUIDANCE in that during the relevant period of time, RENAISSANCE failed to maintain adequate liability insurance and coverage limits in the forms and amounts sufficient to protect GEO GUIDANCE and its clients against any such loss, damage, and/or expense related to the performance of RENAISSANCE and/or the performance of its agents, managers, contractors, and/or employees including, but not limited to, the Employees, in connection with the Project under the Parties' Agreement, since as a result of the above-referenced actions of RENAISSANCE and its Employees, GEO GUIDANCE filed a claim with the insurance carrier of RENAISSANCE on or around November 2018, but such claim was denied by the insurance carrier in or around January 2019.

77.    As a direct and proximate result of RENAISSANCE's material breaches of the oral Agreement between GEO GUIDANCE and RENAISSANCE, GEO GUIDANCE has suffered substantial monetary damages in an amount to be proven at trial but in excess of the jurisdictional minimum of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    That the Court enter judgment against Defendants;

B.    That Plaintiff be awarded damages including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law and in such amounts to be proven at trial;

C.    That Plaintiff be awarded prejudgment interest as allowed by law;

D.    That Plaintiff be awarded its reasonable costs of suit incurred in this action;

1          E.      That Plaintiff be awarded its reasonable attorneys' fees and costs according to proof;

2 and

3          F.      That the Court grant all such other and further relief as it deems just and proper.

4

5 Dated: March 31, 2020                               BELDEN BLAINE RAYTIS, LLP

6

7                                  By: */s/ Daniel N. Raytis*
                                    DANIEL N. RAYTIS,

8                                     Attorneys for Plaintiff GEO GUIDANCE
                                    DRILLING SERVICES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure, Rule 38, and Local Rule of Court, Rule 201, Plaintiff GEO GUIDANCE DRILLING SERVICES, INC. hereby demands a jury trial in the above-entitled action for all issues triable by a jury.

Dated: March 31, 2020                                   BELDEN BLAINE RAYTIS, LLP


                                                     By: */s/ Daniel N. Raytis*
                                                     DANIEL N. RAYTIS,
                                                     Attorneys for Plaintiff GEO GUIDANCE
                                                     DRILLING SERVICES, INC.

COMPLAINT FOR DAMAGES