# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEO GUIDANCE DRILLING SERVICES, INC.**, a California corporation,<br><br>**Plaintiff**<br><br>v.<br><br>**RENAISSANCE RESOURCES, LLC**, a Wyoming limited liability company,<br><br>**Defendants** | **CASE NO. 1:20-CV-0465 AWI JLT**<br><br>**ORDER TO SHOW CAUSE** |

This is a business dispute between Plaintiff and Defendant. Plaintiff brings California state law causes of action. The Complaint alleges that this Court has diversity jurisdiction.

"[T]he question whether a court has subject matter jurisdiction can be raised at any time by the parties or the court." Beers v. Southern P. Transp. Co., 703 F.2d 425, 429 (9th Cir. 1983) (citing Fed. R. Civ. P. 12(h)(3)). Federal courts may exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a); Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016). Diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each defendant. Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016). The citizenship of an entity depends upon the form of the entity. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Like a partnership, an LLC "is a citizen of every state of which its owners/members are citizens." 3123 SMB, LLC v. Horn,

880 F.3d 461, 465 (9th Cir. 2018); Johnson, 437 F.3d at 899 (9th Cir. 2006); see Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

Here, there Complaint clearly indicates that over $75,000 is in controversy. The Complaint identifies more than $1 million in damages relating to a well drilling project. However, the Complaint alleges that Defendant is "a limited liability company formed under the laws of the State of Wyoming, with a principal place of business [in Wyoming]." Complaint ¶ 5.

The problem is that an LLC's citizenship is not determined by examining the State of formation or the principal place of business. Johnson, 437 F.3d at 899. Since 2006, it has been clear in the Ninth Circuit that the citizenship of an LLC is not determined in the same or similar way as a corporation. See id. Rather, an LLC's citizenship is the same as its members/owners. Id.; see also Zambelli Fireworks, 592 F.3d at 420; 3123 SMB, 880 F.3d at 465. The Complaint contains no allegations regarding the Defendant LLC's members. Plaintiff's allegations regarding principal place of business and state of formation do not provide any relevant information regarding the Defendant's citizenship.[1]

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero, 844 F.3d at 839. As demonstrated above, Plaintiff has not met its burden of pleading diversity jurisdiction. Therefore, it is appropriate for Plaintiff to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. The response must demonstrate that Plaintiff has the ability to properly plead and invoke diversity jurisdiction.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one (21) days of service of this order, Plaintiff is to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction;
2. Once Plaintiff responds to this order, the Court will issue an additional order regarding the progression of this case; and

---

[1] The Complaint adequately alleges that Plaintiff is a citizen of California. See Complaint ¶ 3.

3. Failure of the Plaintiff to timely show cause will result in the dismissal of this case for lack of subject matter jurisdiction without further notice.

IT IS SO ORDERED.

Dated:   April 2, 2020                              _____
                                                                          SENIOR DISTRICT JUDGE