T. Scott Belden, SBN 184387
*scott@bbr.law*
Daniel N. Raytis, SBN 218374
*dan@bbr.law*
BELDEN BLAINE RAYTIS, LLP
5016 California Avenue, Suite 3
Bakersfield, California 93309
Telephone: (661) 864-7827
Facsimile: (661) 878-9797

Attorneys for Plaintiff
GEO GUIDANCE DRILLING SERVICES, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEO GUIDANCE DRILLING SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RENAISSANCE RESOURCES, LLC, a Wyoming limited liability company,<br><br>Defendant. | Case No. 1:20-CV-0465 AWI JLT<br><br>**PLAINTIFF GEO GUIDANCE DRILLING SERVICES, INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION; DECLARATION OF DANIEL N. RAYTIS IN SUPPORT**<br><br>**[*Concurrently filed herewith Plaintiff's First Amended Complaint*]** |

**COMES NOW** Plaintiff GEO GUIDANCE DRILLING SERVICES, INC., a corporation duly organized under the laws of California (hereinafter "GEO GUIDANCE"), and submits its response to the Court's Order to Show Cause for the purposes of establishing and confirming diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## LEGAL AUTHORITY

In order to establish subject matter jurisdiction pursuant to the existence of diversity, the parties must be completely diverse at the time of filing of the action, and the amount in controversy must exceed $75,000.00.  (28 U.S.C. § 1332.)  Complete diversity requires that the citizenship of each plaintiff be different from the citizenship of each defendant.  (Hunter v. Philip Morris USA,

582 F.3d 1039, 1043 (9th Cir. 2009); Weeping Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016); Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806).)

Complete diversity must exist at the time that the lawsuit is filed, but need not exist earlier thereto or continue thereafter. (Stock West Corp. v. Taylor, 964 F.2d 912, 917 (9th Cir. 1992); *see* LeBlanc v. Cleveland, 248 F.3d 95, 100 (2nd Cir. 2001) [domicile and citizenship determined at the time when action is filed, not when the cause of action arose or subsequent thereto].) The citizenship of all artificial entities, other than corporations, depends on the citizenship of all owners/members of the entity. (Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990); *see* 28 U.S.C. § 1332(c)(1) [A corporation is a citizen of both the state of its incorporation and the state of its principal place of business]; *see also* Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)[The citizenship of a limited liability company for purposes of diversity jurisdiction is determined like that of a partnership wherein the limited liability company is a citizen of every state which its owners/members are citizens.)

In order to satisfy Plaintiff's burden to establish complete diversity of citizenship, the preponderance of the evidence standard applies. (*See* Middleton v. Stephenson, 749 F.3d 1197, 1200; *see also* McCann v. Newman Irrevocable Trust, 458 F.3d 281, 290.) "Technical defects and minor mistakes" are to be "overlooked and the requirement considered satisfied when the existence of complete diversity is apparent from other parts of the complaint." (*See* 13E Wright & Miller Section 3602.1, pp. 81-86.)

## RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SATISFACTION OF SUBJECT MATTER JURSIDCTION

The Court's Order to Show Cause sets forth that the matter "clearly indicates that over $75,000 is in controversy." However, the Court also sets forth that the GEO GUIDANCE has, at this time, failed to plead and establish the citizenship of Defendant RENAISSANCE RESOURCES, LLC (hereinafter "Defendant" or "RENAISSANCE"). Specifically, the citizenship of a limited liability company is not determined by its principal place of business, but rather by the citizenship of its owners/ members. (Johnson, *supra*, 437 F.3d at 899; Zambelli Firworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).)

PLAINTIFF GEO GUIDANCE DRILLING SERVICES, INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Based on information and belief, pursuant to research and investigation conducted by Plaintiff's counsel, Jake Leming and Josh O'Leary are the owners, members, and operators of RENAISSANCE. (See the Declaration of Dan N. Raytis [hereinafter, "Raytis Dec."], ¶¶ 7-9.) Additionally, based thereon, Jake Leming and Josh O'Leary appear to be the sole owners and members of the limited liability company. (Ibid.) Jake Leming and Josh O'Leary's respective state citizenship is determinative of RENAISSANCE's citizenship as a limited liability company. (Johnson, *supra*, 437 F.3d at 899; Zambelli Firworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).)

A person's domicile within a state is determinative of his/her citizenship. (Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983); *see* Galva Foundry Co. v. Heiden, 924 F.2d 8729, 730 (7th Cir. 1991) [A person is a citizen of the state where he is domiciled, that is, "the state he considers his permanent home"].) Based on information and belief, at all relevant times hereto and at the time of the filing of this action, Jake Leming was, and continues to be, domiciled in the State of Wyoming. (*See* Raytis Dec., ¶ 10.) Additionally, based on information and belief, at all times relevant hereto and at the time of the fling of this action, Josh O'Leary was, and continues to be, domiciled in the State of Nebraska. (*See* Raytis Dec., ¶ 11.)

Accordingly, both individuals are citizens of their respective states where domiciled for all intents and purposes of this litigation. (*See* Raytis Dec., ¶¶ 10-12.) As a result, RENAISSANCE, as a limited liability company, is a citizen of both the State of Wyoming and the State of Nebraska for purposes of establishing the existence of diversity jurisdiction under 28 U.S.C. 1332. (*See* Raytis Dec., ¶ 12; *see also* Johnson, *supra*, 437 F.3d at 899; *see also* Zambelli Firworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).) Because Plaintiff is incorporated in and has its principal place of business in California, complete diversity amongst the Parties exists. (See Raytis Dec., ¶ 13.)

///

///

///

///

///

PLAINTIFF GEO GUIDANCE DRILLING SERVICES, INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Based on the foregoing, the Court has subject matter jurisdiction over the Parties pursuant to 28 U.S.C. § 1332. Plaintiff respectfully requests that the Court accept Plaintiff's response as having properly established and invoked diversity jurisdiction. A First Amended Complaint establishing and setting forth the foregoing has also been concurrently filed herewith by Plaintiff.

Dated: April 13, 2020                                                          BELDEN BLAINE RAYTIS, LLP

                                                                By: */s/ Daniel N. Raytis*
                                                                DANIEL N. RAYTIS,
                                                                Attorneys for Plaintiff GEO GUIDANCE
                                                                DRILLING SERVICES, INC.

PLAINTIFF GEO GUIDANCE DRILLING SERVICES, INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION