UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEO GUIDANCE DRILLING SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RENAISSANCE RESOURCES, LLC, a Wyoming limited liability company,<br><br>Defendant. | Case No. 1:20-CV-00465-CDB<br><br>**ORDER ON PARTIES' STIPULATION DENYING REQUEST FOR EXTENSION**<br><br>Doc. 64<br><br>**ORDER SCHEDULING STATUS CONFERENCE AND REQUIRING SUBMISSION OF PARTY STATEMENTS** |

Pending before the Court is the parties' stipulation for an order granting among other things a further extension of time for the parties to finalize a settlement agreement and make filings seeking Court approval of settlement-related matters. For the reasons set forth below, the request for extension is DENIED and the parties SHALL APPEAR for status conference before the Hon. Stanley A. Boone, U.S. Courthouse, Courtroom No. 9, Sixth Floor, Fresno, CA, on May 9, 2023, at 1:30 p.m, consistent with the directions set forth below, unless a fully executed, stipulated dismissal that satisfies the requirements under Rule 41(a)(1)(A)(ii) is filed before that date.

**Background**

Plaintiff filed the complaint in this action more than three years ago – March 31, 2020. (Doc. 1). On April 20, 2021, the parties filed a stipulation in which they represented they had "reached an agreement in principle" and requested an order of the Court staying the action pending their

anticipated application for the Court to convene a damages hearing. (Doc. 25). The Court vacated all dates, deadlines and hearings and ordered the parties to file within 90 days either a stipulated dismissal or a stipulation setting the matter for a prove-up hearing. (Doc. 26).

The parties thereafter filed a joint report in which they documented their unsuccessful efforts during the preceding months attempting to resolve disputed issues relating to the settlement. (Doc. 27). At the parties' request, the Court scheduled a settlement conference, initially set for September 20, 2021 (Doc. 29), but rescheduled due to defense counsel's unavailability and ultimately reset for March 22, 2022. (Docs. 32, 34, 36).

During the pre-settlement conference on March 15, 2022, the magistrate judge presiding over the settlement concluded, based on the parties' confidential settlement statements and discussion, that a settlement conference was "premature." (Doc. 41). Following additional meet-and-confer attempts to resolve their differences, the parties reconvened for a second pre-settlement conference on September 1, 2022. (Doc. 54). The Court concluded that, based on "the parties' statements that a settlement is forthcoming once they are able to address some procedural issues," the settlement conference should be continued. (*Id.*).

At a reconvened pre-settlement conference on February 16, 2023, the parties recommended to the Court that the settlement conference "be taken off calendar in light of their continued settlement efforts." (Doc. 61). The Court ordered the parties to file a stipulation setting forth proposed dates to accomplish settlement. (*Id.*).

On February 17, 2023, at the parties' request, the Court ordered the parties to finalize a settlement agreement and any other related agreements no later than March 10, 2023. (Doc. 63). The order acknowledged the parties' reservation of rights to request an extension in the event a settlement agreement was not timely consummated. (*Id.* ¶ 3).

**The Parties' Pending Request for More Time**

On April 13, 2023, the parties filed a stipulation in which they represented they "have come to a final agreement with respect to terms and conditions of the Settlement Agreement and Stipulated Judgment in this action; however, require additional time to facilitate settlement related

documents and agreements, to review related documents and agreements, and to obtain final execution of the Settlement Agreement." (Doc. 64).

In their stipulation, the parties request an order that is functionally identical to the order they requested on February 16, 2023. There is no reason to expect that the proposed order sought this time will advance the case any closer toward settlement given the parties' proposed reservation of rights to keep amending, continuing and finalizing in the event they are again unsuccessful over the requested 21-day period to complete settlement.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, the parties' request for extension (Doc. 64) is DENIED.

It is FURTHER ORDERED that the parties SHALL APPEAR for status conference before the Hon. Stanley A. Boone, U.S. Courthouse, Courtroom No. 9, Sixth Floor, Fresno, CA, on May 9, 2023, at 1:30 p.m., for status conference.

It is FURTHER ORDERED, not later than May 1, 2023, each party SHALL SUBMIT a confidential statement directly to Judge Boone's chambers by e-mail to SABOrders@caed.uscourts.gov. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Confidential Statement. The statement shall not exceed five pages, shall briefly recite the facts and background of the case, and shall identify the remaining, disputed issues preventing the parties from settling the case.

The status conference will be vacated if the parties file prior to May 9, 2023, a fully executed, stipulated dismissal that satisfies the requirements under Rule 41(a)(1)(A)(ii).

IT IS SO ORDERED.

Dated:   **April 18, 2023**                          _____
                                                     UNITED STATES MAGISTRATE JUDGE