Peter J. Burfening Jr. (State Bar No. 199190)
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619-849-4900 ♦ Fax: 619-849-4950

Attorneys for Defendant, RENAISSANCE RESOURCES, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| GEO GUIDANCE DRILLING SERVICES, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>RENAISSANCE RESOURCES, LLC, a Wyoming limited liability company,<br><br>          Defendant. | Case No. 1:20-cv-0465-JLT<br><br>**RENAISSANCE RESOURCES INC.'S NOTICE OF GOOD FAITH MOTION FOR SETTLEMENT APPROVAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       August 9, 2023<br>Time:       10:30 a.m.<br>Crtroom:    Bakersfield<br><br>Assigned to: Magistrate Judge Christopher D. Baker |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

# **TABLE OF CONTENTS**

I.     INTRODUCTION .......................................................................................6

II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS...........................7

  A.  PROCEDURAL HISTORY ....................................................................7

  B.  STATEMENT OF FACTS ......................................................................8

    1.  Plaintiff Geo Guidance Drilling Services, Inc. ...............................9

    2.  Defendant Renaissance Resources Inc...........................................9

    3.  The Subject Project and Incident ..................................................9

    4.  Allegations ...............................................................................10

    5.  Damages ...................................................................................11

III.   LEGAL AUTHORITY ..........................................................................14

IV.    UNDER THE *TECH-BILT* STANDARDS THE SUBJECT SETTLEMENT IS
MADE IN GOOD FAITH AND SHOULD BE APPROVED.................................15

  A.  The Settlement Amount is Reasonable and Proportionate as to Defendant's
Liability...............................................................................................16

  B.  The Amount Paid Recognizes that Defendant Shall Pay Less in Settlement
than if Found Liable at Trial..................................................................17

  C.  Consideration of Defendant's Financial Condition and Denial of Insurance
Coverage Establishes That the Settlement has Been Reached in Good.................18

  D.  No Evidence Exists to Indicate Collusion, Fraud, or Tortious Conduct By and
Between the Parties or that has Occurred to Injure the Interests of Non-Settling
Parties or Potential Non-Parties-In-Interest to the Action .....................................19

  E.  Any Part Opposition for Determination of Good Faith and Approval Has the
Burden of Showing that the Settlement was not Made in Good Faith...................20

V.    CONCLUSION .......................................................................................21

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1

# TABLE OF AUTHORITIES

**Cases**

*Abbot Ford, Inc. v. Sup. Ct.*
(1987) 43 Cal.3d 858................................................................15

*City of Grand Terrace*
(1987) 192 Cal.App.3d 1251....................................................21

*Fisher v. Sup. Court*
(1980) 103 Cal.App.3d 434......................................................20

*North County Contractors Assn. v. Touchstone Insurance Services,*
(1994) 27 Cal.App.4th 1085.....................................................15

*Roman v. Unigard Ins. Group*
(1994) 26 Cal.App.4th 177.......................................................14

*Samson v. Transamerica Ins. Co.*
(1981) 30 Cal.3d 220................................................................15

*Sanchez v. Truck Ins. Exchange*
(1994) 21 Cal.App.4th 1778.....................................................14

*Smith v. State Farm Mut. Auto. Ins. Co.*
(1992) 5 Cal.App.4th 1104.......................................................14

*Tech-Bilt, Inc. v. Woodward-Clyde Assoc.*
(1985) 38 Cal.3d 488.........................................................passim

*Zander v. Texaco, Inc.*
(1968) 259 Cal.App.2d 793.......................................................15

**Statutes**

California Code of Civil Procedure section 664.6.............................................7

California Code of Civil Procedure section 877.6..................................4, 6, 14

California Code of Civil Procedure section 877.6(d).......................................20

Code of Civil Procedure section 877.6(a)(2)..................................................14

Insurance Code section 11580.....................................................................14

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1
2
3
4
5
6
7
8
9
10
11

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on August 9, 2023 at 10:30 a.m. or as soon as the matter may be heard in the Bakersfield Courthouse of the above-entitled court, located at the United States Courthouse, 510 19th Street, Bakersfield, Defendant, RENAISSANCE RESOURCES, LLC ("Defendant") will move the court pursuant for a determination of the good faith of the settlement between Plaintiff GEO GUIDANCE DRILLING SERVICES, INC. ("Plaintiff") and Defendant pursuant to California Code of Civil Procedure section 877.6 and *Tech-Bilt, Inc. v. Woodward-Clyde Assoc.* (1985) 38 Cal.3d 488, and all other applicable Federal and State settlement approval authorities to the fullest extent permissible and authorized.

This motion will be made on the ground that Plaintiff has entered into a Settlement Agreement with Defendant where, in part, Defendant has agreed to resolve this action in its entirety for the total amount of Six Hundred Ninety-Eight Thousand Nine Hundred Fifty-Six Dollars and Ninety-Two Cents ($692,956.92) in consideration of the terms and conditions set forth thereunder. Pursuant to the settlement reached by the Parties, Defendant hereby applies to this Court for a determination that the subject settlement entered by the Parties was and is made in good faith and requests that the Court approve the terms, conditions, and damages awarded under the Settlement Agreement, inclusive of Defendant's Consent to and Stipulated Judgment, in accordance with the provisions of California Code of Civil Procedure sections 877.6, et seq., *Tech-Bilt, Inc. v. Woodward-Clyde Assoc.* (1985) 38 Cal.3d 488, and all other applicable Federal and State settlement approval authorities to the fullest extent permissible and authorized.

Defendant's Application for Determination of Good Faith Settlement and Motion for Approval of Settlement is based upon this Notice, the concurrently submitted Memorandum of Points and Authorities in support, the Declarations of Peter J. Burfening, Jr., K. Jake Lemming, Josh Kyles, and Daniel M. Root, Esq., and

1  all other papers, documents, records, and evidence, both oral and documentary, as

2  submitted with this Application and may be produced at or prior to the hearing on

3  this Application, and on the records and documents on file with this Court.

4

5  DATED:  June 7, 2023          WOOD, SMITH, HENNING & BERMAN LLP

6

7

8                                By:    */s/ Peter J. Burfening Jr.*

9                                      PETER J. BURFENING JR.

10                               Attorneys for Defendant, RENAISSANCE
                                 RESOURCES, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff GEO GUIDANCE DRILLING SERVICES, INC. ("Plaintiff") and Defendant RENAISSANCE RESOURCES, LLC ("Defendant") [collectively the "Parties"] have reached a settlement in this action after Defendant's relevant insurance company, carrier, and/or insurer, Seneca Specialty Insurance Company ("Seneca" or "Carrier"), on January 17, 2019, and again on May 14, 2020, disclaimed coverage and defense of the matter under both its Commercial General Liability and Commercial Umbrella Liability policies. (*See* Burfening Dec. ¶ 2, ¶3, and ¶4, Ex 1 and Ex 2.) In exchange for and in consideration of the terms, conditions, promises, and covenants set forth under the Settlement Agreement, Defendant has agreed to resolve this action for the total settlement amount of Six Hundred Ninety-Eight Thousand Nine Hundred Fifty-Six Dollars and Ninety-Two Cents ($692,956.92). The Settlement Agreement, including Defendant's Consent to and the Stipulated Judgment, was the product of extensive arms-length negotiations and good faith dispute. The Parties have agreed to settle this action as a result thereof and for the mutual benefit of each Party.

Pursuant to the settlement reached by the Parties, Defendant hereby applies to this Court in accordance with the provisions of California Code of Civil Procedure sections 877.6, et seq., *Tech-Bilt, Inc. v. Woodward-Clyde Assoc.* (1985) 38 Cal.3d 488, as well as in compliance with all other applicable California and Federal settlement authorities, for the Court to issue an Order as follows: (1) determining that the Settlement Agreement reached by the Parties was and is made in good faith; (2) granting and approving the terms and conditions of the Settlement Agreement, including Defendant's Consent to and Stipulated Judgment; (3) granting, approving, and finding the total settlement amount of $692,956.92 to have been subject to good faith dispute as established by evidence, information, and negotiations; and (4) entry of the Stipulated Judgment and that the Court retain continuing jurisdiction over the

1  Settlement Agreement and Stipulated Judgment pursuant to California Code of Civil
2  Procedure section 664.6, and pursuant to all other applicable Federal, State, and/or
3  Local statues, laws, regulations, and/or codes.

4       Accordingly, Defendant respectfully requests that the Court (1) determine the
5  Settlement Agreement, inclusive of Defendant's Consent to and the Stipulated
6  Judgment, has been and is made in good faith and (2) approve the terms and
7  conditions of the Settlement Agreement and the Stipulated Judgment.

8  **II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS**

9       **A.    PROCEDURAL HISTORY**

10       On or about March 31, 2020, Plaintiff commenced this instant action against
11  Defendant based on claims, injuries, and damages arising out of, in part, a well
12  drilling project in Colorado caused by Defendant alleged under Plaintiff's operative
13  complaint.  (*See* Root Dec. ¶ 3.)  On or about April 13, 2020, Plaintiff filed its First
14  Amended Complaint against Defendant, and is the operative complaint on file and at
15  issue in this action.  (*See* Root Dec. ¶ 4.)  Defendant filed its Answer on or about
16  July 24, 2020, resulting in placing this action at issue.  (*See* Burfening Dec. ¶ 5,
17  Ex. 3.)

18       On or about April 15, 2021, after extensive litigation and engaging in in-
19  depth, good faith settlement negotiations, the Parties filed a Joint Stipulation and
20  [Proposed] Order Staying and Continuing Trial and Litigation Deadlines Pending
21  Settlement.  (*See* Burfening Dec. ¶ 6, Ex. 4.)  Under the April 15, 2021 Joint
22  Stipulation, the Parties advised the Court that they had reached an agreement in
23  principle as to the following: (1) liability as to fault, not as to damages, attributable
24  and caused by Defendant and/or operators, employees, and/or contractors retained
25  by and/or working on behalf of Defendant as further set forth below; (2) Defendant
26  not disputing or contesting the nature, extent, and scope of liability as to the causes
27  of action and claims set forth under Plaintiff's First Amended Complaint; and (3) in
28  light of the foregoing, all that remained at issue was negotiation, determination, and

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  resolution of disputed damages, and that if damages remained unresolved, Plaintiff

2  reserved the right to reset the action for trial and pursue further litigation efforts.

3  (*See* Burfening Dec. ¶ 7.)  On or about April 20, 2021, the Court issued its Order

4  with respect to the April 15, 2021, Joint Stipulation.  (*See* Burfening Dec. ¶ 8,

5  Ex. 5.)

6  After notifying the Court of the Parties' intent to settle, the Parties continued

7  to engage substantial and numerous formal and informal settlement related efforts

8  and negotiations to resolve the remainder of this action in its entirety including, but

9  not limited to, disputed damages.  (*See* Burfening Dec. ¶ 9.)  Over the past

10  approximately two (2) years, these focused efforts have been significant, finally

11  culminating in the execution of the subject Settlement Agreement, including

12  Defendant's Consent to Judgment and the Stipulated Judgment associated therewith.

13  (See Burfening Dec. ¶ 10.)

14  On or about May 12, 2023, the Parties entered into a Settlement and Release

15  Agreement ("Settlement Agreement"), inclusive of Defendant's Consent to and the

16  Stipulated Judgment, for the (1) purpose of fully and finally resolving the entirety of

17  this Action pursuant to the terms and conditions agreed upon and set forth

18  thereunder, and (2) for the total good faith, yet disputed, settlement amount of Six

19  Hundred Ninety-Eight Thousand Nine Hundred Fifty-Six Dollars and Ninety-Two

20  Cents ($692,956.92).  (*See* Burfening Dec. ¶ 11, Ex. 6.)

21  **B.    STATEMENT OF FACTS**

22  In summary, this action seeks the recovery of civil remedies and damages

23  suffered, sustained, and/or incurred by Plaintiff against Defendant arising out of

24  Defendant's (including all relevant employees, workers, operators, contractors,

25  and/or engineers retained by and/or working on behalf of Defendant) negligent,

26  reckless, willful or intentional, and/or wrongful conduct, acts, and omissions

27  committed or engaged prior to being retained and during attempted performance and

28  completion directional drilling and measurements while drilling (collectively

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1   "MWD"), as well as other related services, on a project located in the State of

2   Colorado.  (*See* Root Dec. ¶ 4, Ex. 1.)

### 1.    *Plaintiff Geo Guidance Drilling Services, Inc.*

4   Geo Guidance is a full-service directional drilling provider in the petroleum

5   industry offering, but not limited to, directional drillers, technologies, and

6   directional drilling and measures while drilling ("MWD") services to control the

7   drilling of, as well as correctly and accurately drill, extended-reach, horizontal,

8   vertical, and complex directional wells and sidetracks for clients and/or customers.

9   (*See* Kyles Dec. ¶ 4.)  From time to time, Plaintiff utilizes personnel consulting

10  companies, like Defendant, for purposes of retaining or having assigned

11  knowledgeable, skillful, and experienced workers, operators, contractors, and/or

12  engineers to perform and complete project related drilling and MWD services. (*Id.*)

### 2.    *Defendant Renaissance Resources Inc.*

14  Defendant is a personnel consulting company that provides MWD

15  independent contractors, workers, operators, and/or engineers to companies in the

16  petroleum industry. (*See* Lemming Dec. ¶ 2.) Defendant, itself, does not have any

17  employees. (*See* Lemming Dec. ¶ 3.)

### 3.    *The Subject Project and Incident*

19  In August 2018, Plaintiff was retained by High Point Resources to provide

20  directional drilling and MWD services to High Point Resources in the State of

21  Colorado (the "Project"). (*See* Kyles Dec. ¶¶ 4-6; *see also* Lemming Dec. ¶ 4.)

22  Defendant, in turn, entered into an oral contract with Plaintiff to supply independent

23  contractors to perform MWD for the Project. (*See* Lemming Dec. ¶ 5; *see also*

24  Kyles Dec. ¶¶ 5-6.) Defendant agreed to provide independent engineers and

25  operators to the Project to perform the MWD services, including operating

26  Plaintiff's MWD survey tool to guide and drill the boreholes and wells. (*See*

27  Lemming Dec. ¶ 6; *see also* Kyles Dec. ¶¶ 5-6.)

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

At or around the time retained, Defendant's independent contractors began work at the project. (*See* Lemming Dec. ¶ 7; *see also* Kyles Dec. ¶ 6.) After drilling had commenced of the well at issue in this matter, it was determined that Defendant's independent contractors assigned to the project had selected magnetic north instead of true north causing the horizontal portion of the borehole and well to be drilled approximately 1000 feet off course. (*See* Lemming Dec. ¶ 8; *see also* Kyles Dec. ¶ 6.)

After the discovery of the mistake in coordinates, Defendant's independent contractors assisted in re-drilling the horizontal portion of the borehole and well using the correct coordinates. (*See* Lemming Dec. ¶ 9.) The re-drilling of the horizontal portion of the well took 3 to 4 additional days. (*See* Lemming Dec. ¶ 10.)

### 4.    *Allegations*

As a result of Defendant causing and/or permitting the well to be drilled 1000 feet off course, as well as having incurred substantial cost and expense as a result thereof, Plaintiff alleged five causes of action against Renaissance under its First Amended Complaint, including (1) Negligent Misrepresentation, (2) Intentional Misrepresentation, (3) Breach of Fiduciary Duty, (4) Negligence and (5) Breach of Oral Contract. (*See* Kyles Dec. ¶ 4-6; see Root Dec. ¶ 4, Ex. 1.)

Plaintiff claimed that Defendant negligently or intentionally represented that it would retain and assign to the project knowledgeable, skillful and experienced MWD engineers and operators to perform the requested services but did not assign such personnel. (*Id*.) Plaintiff further alleged that Defendant's failure to assign skilled personnel to the project resulted in damages to when the well was drilled over 1000 feet off course. (*Id*.) Furthermore, Plaintiff alleges that Defendant breached its oral contract with Plaintiff by assigning the unskilled personnel, as well as Defendant's failure to maintain adequate liability insurance as agreed. (*Id*.)

Material facts and claims alleged under Plaintiff's operative complaint are not disputed by the Parties insofar as the material facts relate to the alleged wrongful

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

conduct, acts, and/or omissions committed and/or engaged in by Defendant and/or its employees, workers, operators, contractors, and/or engineers during the High Point Resources/Colorado Project resulting in damage, injury, and/or harm to Plaintiff.  (*See* Burfening Dec. ¶ 12.)

### 5. *Damages*

While Defendant has, and continues to admit fault, Defendant disputed the damages claimed due, owed, and to be recoverable by Plaintiff. (*See* Burfening Dec. ¶ 13.)  As a result, damages sought to be recovered by Plaintiff in this action and through settlement, including evidence proffered in support, have been subject to considerable good faith discourse and controversy over the course of the past two (2) years.  (*See* Burfening Dec. ¶ 14.)  Thus, the Parties have thoroughly subjected the scope and extent of damages claimed suffered, sustained, and/or incurred by Plaintiff to dispute, resulting in the amount settled being made in good faith and to the eventual benefit of both parties in light of all matters, issues, and circumstances attendant to this action.  (*See* Burfening Dec. ¶ 15.)

Specifically, Plaintiff claims that evidence and information submitted in support hereof readily establishes that, as a result of Defendant's wrongful conduct, acts, and/or omissions, Plaintiff  (1) suffered, sustained, and/or incurred hard cost and expense damages associated with damage caused and remediation, restoration, and/or rectification activities and/or efforts needed to be taken by Plaintiff to resolve issues and problems caused by Defendant's wrongful conduct, acts, and/or omissions equal to $672,937.33, and (2) as a result of the damage caused by Defendant, delay, injury, and harm sustained by Plaintiff and with respect to project and related business interests and operations, and related harm, injuries, and damages stemming from the foregoing, Plaintiff sustained a total revenue loss in the amount of $956,0404.25 (total damages equal to $1,604,977.58, not inclusive of interest or other amounts potentially available).  (*See* Kyles Dec. ¶¶ 7-8, Exs. 1-5 for evidence in support of Plaintiff's claimed cost, expense, and loss of revenue

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

damages.)  Plaintiff sets forth the below itemized damages claimed at issue caused by Defendant's wrongful conduct, acts, and/or omissions:

**(1) All Claimed Well Charges, Unpaid Damages, Inspections, and Costs Incurred by Plaintiff:**

|   |   |   |
|---|---|---|
| a. | Motor Damages: | $125,511.01 |
| b. | Motor Inspection(s): | $50,920.50 |
| c. | Float Valves: | $2,572.14 |
| d. | Directional Drilling/Measurement While Drilling ("MWD") inspection/repair: | $31,050.00 |
| e. | Stand-By-Days: | <u>$6,000.00</u> |
|   |   | **$216,053.65** |

(*See* Kyles Dec. ¶¶ 7-8, Exs. 1-5.)

**(2) Well Related Damages, Costs, and Expenses – Job C01804007 – Lion Creek Well 23-0263D – Savanna 802:**

|   |   |   |
|---|---|---|
| a. | Original Well Job Ticket Not Paid: | $122,000.00 |
| b. | Side-Tracking Not Paid to Fix Well Path: | $46,000.00 |
| c. | Credit to High Point (Rig and Costs): | <u>$198,000.00</u> |
|   |   | **$366,000.00** |

(*See* Kyles Dec. ¶¶ 7-8, Exs. 1-2.)

**(3) Lost Revenue on MWD Tool, Rental/Lease Charges and Expenses Incurred, and Missing Tools and Damages to Equipment Utilize for the Project:**

|   |   |   |
|---|---|---|
| a. | September: | $24,000.00 |
| b. | October: | $24000.00 |
| c. | Missing Equipment/Damages: | <u>$18,883.68</u> |
|   |   | **$66,883.68** |

(*See* Kyles Dec. ¶¶ 7-8, Exs. 1-3)

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

Plaintiff also claims that it sustained lost revenue as a result of Defendant's wrongful conduct, acts, and/or omissions in the total amount of $956,040.72, reflective of lost revenue incurred at $8,102.04 per calendar day for a total of, at minimum, 118 calendar days.  (*See* Kyles Dec. ¶¶ 9-11, Ex. 1.)  Accordingly, as set forth above, Plaintiff claims a total loss of at least $1,604,978.05, not inclusive of permissible accumulated interest.  (*Id*.)  Plaintiff claims that the foregoing damages were caused by and are a direct result of Defendant's breach of duty and wrongful conduct, acts, and/or omissions committed.  (*See* Kyles Dec. ¶¶ 6, 7-11, Exs. 1-5.)

Despite Plaintiff's continued contention that the foregoing damages are readily supported and established by the evidence, Defendant contends to the contrary.  Defendant's contended and alleged that Plaintiff's damages were no more than $423,112.24. Defendant's contended that the damages would have included, but not exceeded, the following:

| | | |
|---|---|---|
| 1. | Well related damages | $366,000 |
| 2. | Motor inspection | $1,500 |
| 3. | Float valve repair/replacement | $2,572.14 |
| 4. | MWD Inspection | $1,000 |
| 5. | Stand-By-Days | $6,000 |
| 6. | Lost revenue (6 days) | <u>$48,612.24</u> |
| | | **$425,684.38** |

(*See* Lemming Dec. ¶ 11.)

Each Party's contention as to damages caused and led to the lengthy dispute between the Parties concerning the amount of damages at issue, recoverable, and to be resolved, spanning numerous settlement conferences, exchanges of settlement demands, e-mails and oral communications between counsel and counsel's respective clients concerning the nature, scope, and value of damages to be resolved, and arduous and adverse, yet arms-length, negotiations.  (*See* Burfening Dec. ¶ 16.) / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

While Plaintiff believes it could and would be able to establish and recover all damages sought at trial, taking into consideration all issues, circumstances, and matters, the Parties reached the instant mutual resolution which is more than readily supported by the evidence. The settlement amount of Six Hundred Ninety-Eight Thousand Nine Hundred Fifty-Six Dollars and Ninety-Two Cents ($692,956.92) represents the Parties' good faith approximation of the correct ballpark for resolution of this action considering all facts, circumstances, and matters at issue or associated herewith. (*See* Burfening Dec. ¶ 17; *see also* Root Dec. ¶ 5.)

Accordingly, the settlement is fair and constitutes a reasonable compromise by and to the mutual benefit of the Parties.  As stated, the litigation and settlement processes were subject to extensive dispute, and the resolution reached was the product of arms-length negotiations by counsel for the Parties.  Therefore, the Settlement Agreement, inclusive of Defendant's Consent to and the Stipulated Judgment, was and is made in good faith and should be approved.

## III.  LEGAL AUTHORITY

A settling party may apply for an Order from the Court determining that a settlement reached by and between Parties to an action has been made in good faith. (Code of Civil Procedure section 877.6(a)(2).)[1]

---

[1] In *Roman v. Unigard Ins. Group* (1994) 26 Cal.App.4th 177, (*Roman* ), the court held that a stipulated judgment, coupled with a covenant not to execute but approved under section 877.6, "satisfies the condition of a judgment or settlement of a claim needed before a valid assignment" of a bad faith action may be made. The *Roman* court distinguished *Smith v. State Farm Mut. Auto. Ins. Co.* (1992) 5 Cal.App.4th 1104, as involving an apparently collusive settlement, a problem assertedly avoided through approval under section 877.6.  (*Roman*, supra, at p. 184; see also *Sanchez v. Truck Ins. Exchange* (1994) 21 Cal.App.4th 1778, 1786–1787, [same as to direct action (Insurance Code section 11580) on stipulated judgment].) In *Roman*, the insurer, denying coverage, had refused its client a defense.  (*Roman*, supra, 26 Cal.App.4th at p. 180.) As explained in previous cases, the denial of coverage and a defense entitles the policyholder to make a reasonable, noncollusive settlement without the insurer's consent and to seek reimbursement for the settlement amount in an action for breach of the covenant of good faith and fair dealing. " '[W]here the insurer has repudiated its obligation to defend[,] a defendant in the absence of fraud may, without forfeiture of his right to indemnity, settle with the plaintiff upon the best terms possible, taking a covenant not to execute.' "  (*Samson v. Transamerica Ins. Co.* (1981) 30 Cal.3d

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

California Courts have recognized there is no precise way to measure the good faith of a settlement. (*North County Contractors Assn. v. Touchstone Insurance Services*, (1994) 27 Cal.App.4th 1085, 1095.) While precision is difficult or impossible in establishing an appropriate amount of settlement, "an educated guess" is the best a judge can do when deciding whether a settlement is made in good faith. (*Id*. at 1090.) This must be balanced with California's public policy favoring settlements with the competing public policy favoring equitable sharing of costs. To achieve this, the settlement must be in the reasonable range of the settling tortfeasor's share of liability for the plaintiff's damages taking in consideration the facts and circumstances of each particular case. (*Tech-Bilt, Inc. v. Woodward, Clyde & Assoc.* (1985) 38 Cal.3d 488, 499.) Notwithstanding, "[a] 'good faith' settlement does not call for perfect or even nearly perfect apportionment of liability…What is required is simply that the settlement not be grossly disproportionate…" (*Abbot Ford, Inc. v. Sup. Ct.* (1987) 43 Cal.3d 858, 874-875.)

## IV.   UNDER THE *TECH-BILT* STANDARDS THE SUBJECT SETTLEMENT IS MADE IN GOOD FAITH AND SHOULD BE APPROVED

As set forth in detail above, and the information and evidence submitted to the Court, the Parties have fully settled and resolved this action after engaging in considerable litigation efforts and substantial settlement negotiations. The results of these efforts have resulted in the Settlement Agreement, as well as Defendant's Consent to and the Stipulated Judgment, before the Court for good faith determination and approval. Despite Defendant's acceptance of liability with respect to fault under Plaintiff's First Amended Complaint, liability as to damages sought by Plaintiff was denied and disputed by Defendant, as well as subjected to

/ / /

220, 240, 636 P.2d 32, quoting *Zander v. Texaco, Inc.* (1968) 259 Cal.App.2d 793, 802.)

arduous settlement negotiations, eventually resulting in a mutually agreed upon resolution as presented.

Accordingly, the Parties have made an informed business decision to resolve this action. A settlement reached by the Parties in an action shall be held as made in good faith if it is within the "reasonable range" of the settling party's share of liability for injuries sustained by the aggrieved party, taking into consideration the facts and circumstances of the particular case. (*Tech-Bilt, Inc.*, supra 38 Cal.3d at 499.) The Parties submit that the settlement information detailed in this Application and Motion supports a finding of good faith settlement and that the settlement be approved.

## A.  The Settlement Amount is Reasonable and Proportionate as to Defendant's Liability

A settlement is within the ballpark of good faith if the information at the time of the settlement holds that the settlement amount is reasonable and proportionate to the tortfeasor's share of liability. (*Ibid.*) When testing the good faith of a settlement figure, including the evaluation of the information provided, a Court may enlist the guidance of the judge's personal experience and of experts in the field. (*Ibid.*)

Here, the negligent acts and/or omissions engaged in by Defendant and/or employees, workers, operators, contractors, and/or engineers retained by and/or working on behalf of Defendant during the Colorado Project resulted in direct and severe damages, injury, and/or harm to Plaintiff. Defendant's failure to perform as agreed upon, represented, and directed, as well as its failure to perform in satisfaction of the requisite standard of care, establishes liability attributable to Defendant and damages to be awarded to Plaintiff. Furthermore, Defendant has admitted fault with respect to the material claims and facts set forth under Plaintiff's First Amended Complaint.

While fault is uncontroverted, Defendant has maintained and contended that Plaintiff's damages valuation is inflated and/or not reflective of economic and/or

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

non-economic damages sustained because of Defendant's unlawful conduct. Plaintiff has and continues to maintain that its damages valuation accurately reflects all damages, costs, expenses, and related injury or harm sustained because of Defendant's failure to perform and complete the Colorado Project as agreed upon and in compliance with the requisite standard of care.  Notwithstanding, taking into consideration Defendant's financial and operational capacities, denial and lack of insurance coverage available to Defendant, the ability to recover the total amount of damages claimed at trial, and all other circumstances and matters associated with this action, the Parties have come to a reasonable, proportionate resolution to the mutual benefit of the Parties.

Based upon the evidence and information submitted in support of Plaintiff's damages, the scope and extent of the settlement reached by the Parties is more than reasonable.  If taken to trial, Plaintiff contends that it would be able to secure a judgment greater than the total settlement amount resolved.  However, based on the circumstances considered and arms-length negotiations, the Parties have reached a mutually beneficial settlement that is a good faith approximation of the correct ballpark for resolution of this action considering the facts, circumstances, and matters at issue.

### B.    The Amount Paid Recognizes that Defendant Shall Pay Less in Settlement than if Found Liable at Trial

Based on the information available at the time of the settlement, the total settlement amount agreed to be paid from Defendant to Plaintiff, including recognition that a settlor should pay less in settlement than if found liable after trial, is to be evaluated to determine the existence of good faith.  (*Tech-Bilt, Inc.*, *supra* 38 Cal.3d at 499.)  As evidenced herein, the settlement amount agreed upon is nearly $1 million less than Plaintiff's claimed damages.  Per the information and evidence before the Court, the settlement amount is a significant discount from the total amount of damages that Plaintiff contend it should be able to secure at trial.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

The total settlement amount is a product of each Party's consideration of all circumstances at issue and good faith dispute with respect to the damages claimed due.  The settlement amount agreed upon reflects the good faith determination of the Parties to bring this action to a mutually beneficial resolution.  Thus, good faith is implicit from the reduced settlement amount resolved by the Parties, and the Court should approve the settlement.

## C.    Consideration of Defendant's Financial Condition and Denial of Insurance Coverage Establishes That the Settlement has Been Reached in Good

During this litigation and negotiations, Defendant disclosed that it has been experiencing financial and operational difficulties.  Moreover, Defendant's insurance carrier, Seneca and/or broker/agent, Leavitt Great West Insurance Services ("Leavitt" or "Broker/Agent") [collectively, "Insurance Entities"], declined to procure, obtain, provide, or extend sufficient and necessary insurance policies and coverage to Defendant, despite request and representation that sufficient insurance existed or would be obtained at the outset of the Colorado Project.  As a result, the settlement reached by the Parties have taken into great consideration Defendant's financial condition and lack of insurance coverage further evidencing the good faith of the settlement.

Moreover, concurrent with the filing of this Application and Motion, based on information and belief, Defendant, by and through its retained legal counsel in Wyoming and Montana, caused Notice to be served upon the non-party Insurance Entities. (*See* Burfening Dec. ¶ 18.)  The Insurance Entities are parties-in-interest to this litigation, including the settlement that has been reached.   (See Burfening Dec. ¶ 19.)  Based on information and belief, at the outset of this litigation, the Insurance Entities (1) negligently failed to secure requested, adequate, and/or sufficient insurance coverage on behalf Defendant and as necessary or required for the performance of work and services related to the subject Colorado Project; (2) made

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

negligent and/or intentional misrepresentation(s) concerning policies and coverages obtained and/or to be obtained on behalf of Defendant; and (3) notwithstanding the foregoing, denied extending coverage to Defendant after Defendant submitted requests for coverage on multiple occasions. Based on the foregoing, the Insurance Entities have failed to insure Defendant with respect to the claims and matters at issue, and have not at any point appeared in this action. (See Burfening Dec. ¶ 20.) The Notice served encloses the Settlement Agreement and this instant Application and Motion. (See Burfening Dec. ¶ 21.)   The purpose of the Notice is to make the Insurance Entities aware of the settlement reached in this action and to provide an opportunity to appear and contest the settlement should they desire. (See Burfening Dec. ¶ 22.)   It is not anticipated that the Insurance Entities will appear and contest the good faith or validity of the Settlement Agreement.

Accordingly, the Parties and the settlement heavily considered circumstances attributable to Defendant's financial and operational capacities.  Considering the totality of the circumstances, as well as Defendant's dispute concerning claimed damages, the settlement amount reached by the Parties is in good faith, as well as provides an avenue for Defendant to pursue future action to potentially recover the damages at issue.

### D.    No Evidence Exists to Indicate Collusion, Fraud, or Tortious Conduct By and Between the Parties or that has Occurred to Injure the Interests of Non-Settling Parties or Potential Non-Parties-In-Interest to the Action

It is required that a settlement not be the result or product of collusion, fraud, or tortious conduct aimed at injuring the interests of non-settling parties.  (*Tech-Bilt, Inc., supra* 38 Cal.3d at 499.)  There is no evidence or fact of collusion or fraud in this action, nor any existence thereof.  (*See* Burfening Dec. ¶ 23; *see also* Root Dec. ¶ 6; see also Kyles Dec. ¶ 12.)  The facts and circumstances surrounding resolution of this action establish that no improper conduct has occurred, or motive exists,

negating good faith of the settlement reached. (*Ibid*.) From its outset, this action has been subject to intense litigation and disputed settlement negotiations. (*Ibid*.) The Parties negotiated at arms-length to reach this final settlement, including all terms and conditions set forth under the Settlement Agreement, as well as Defendant's Consent to and the Stipulated Judgment. (*Ibid*.)

Accordingly, nothing suggests that the settling parties have engaged in collusion or fraud for the purpose of resolving this action. Without limitation, litigation efforts, the duration of settlement negotiations, the nature and extent of Party dispute as to damages, and the settlement amount reached all support the lack of existence of collusion, fraud, or tortious conduct engaged in by the settling parties. Similarly, given the lack of collusion, fraud, or tortious conduct no injury has or will occur to any non-settling parties or potential parties-in-interest to the action.

Therefore, the settlement establishes that no improper conduct has occurred. No collusion, fraud, or tortious conduct has occurred, and this Application and Motion for Approval should be granted by the Court.

**E.      Any Part Opposition for Determination of Good Faith and Approval Has the Burden of Showing that the Settlement was not Made in Good Faith**

Any Party or otherwise asserting the settlement lacks good faith shall have the burden of proof of establishing said lack of good faith based on the evidence. (California Code of Civil Procedure section 877.6(d).) Therefore, if any party opposes the settlement, the party must make a showing that the settlement is lacking good faith and should not be approved. (*Fisher v. Sup. Court*, (1980) 103 Cal.App.3d 434.) The Court must look to all facts and circumstances existing at the time of settlement.

Opposition to this Application and Motion is not anticipated. Notwithstanding, for the reasons set forth herein, and based upon the information

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1   and evidence submitted in support, should a person or entity seek to oppose this

2   Application and Motion it is virtually certain that he, she, or it would be unable to

3   carry its burden of proof.  Accordingly, the Court should determine the settlement to

4   be in good faith and approve the terms and conditions as agreed upon.

5   **V.    CONCLUSION**

6         The ultimate determinate of good faith is whether the settlement reached by

7   the Parties is grossly disproportionate to what a reasonable person at the time of

8   settlement would estimate the settlor's liability to be.  (*City of Grand Terrace*,

9   (1987) 192 Cal.App.3d 1251, 1261.)  For the foregoing reasons, the settlement is

10  more than reasonable, and Plaintiff respectfully requests that this Court issue an

11  Order (1) determining that the settlement was and is in good faith; (2) not collusive

12  and (3) approving the settlement.

13

14  DATED:  June 7, 2023          WOOD, SMITH, HENNING & BERMAN LLP

15

16

17                    By:     */s/ Peter J. Burfening Jr.*

18                        PETER J. BURFENING JR.
               Attorneys for Defendant, RENAISSANCE

19                 RESOURCES, LLC

20

21

22

23

24

25

26

27

28