UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEO GUIDANCE DRILLING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RENAISSANCE RESOURCES, LLC, <br><br> Defendant. | Case No. 1:20-cv-00465-CDB <br><br> **ORDER ON MOTION FOR GOOD FAITH SETTLEMENT** <br><br> (Doc. 70) <br><br> <u>21-DAY DEADLINE</u> |

Pending before the Court is Defendant Renaissance Resources, LLC's ("Renaissance") Motion for good Faith Settlement pursuant to California Code of Civil Procedure section 877.6. (Doc. 70). The Motion is accompanied by a Declaration from Daniel M. Root, counsel of record for Geo Guidance Drilling Services Inc. ("Geo"). For the reasons provided below, the Court approves Renaissance's Motion for Good Faith Settlement.

When a district court sits in diversity, it "applies state substantive law to the state law claims," including the good-faith settlement provisions of California Code of Civil Procedure sections 877 and 877.6. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011); *accord Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.dd 505, 511 & n. 6 (9th Cir. 1990). Under California Code of Civil Procedure sections 877 and 877.6, a court may discharge a settling party from future liability in a case "in which it is alleged that two or more

parties are joint tortfeasors." Cal. Civ. Proc. Code § 877.6(a)(1).  "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id*. § 877.6(c).  In making a good faith-determination, the Court must assess whether the parties' settlement amount falls within a reasonable range.  *See PacifiCare of Cal. v. Bright Med. Assocs., Inc.*, 198 Cal. App. 4th 1451, 1464 (2011).  The California Supreme Court has established criteria to inform this analysis when an application for a determination of good faith settlement is contested.  *See Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488 (1985).  Under *Tech-Bilt*, the Court must consider: (1) a rough approximation of plaintiff's total recovery and the settlor's proportionate liability, (2) the amount paid in settlement, (3) the allocation of settlement proceeds among plaintiffs, (4) recognition that a settlor should pay less in settlement than he would if he were found liable after a trial, (5) the settling party's financial conditions and insurance policy limits; and (6) whether collusion, fraud, or tortious conduct is claimed to injure the non-settling parties' interests.  *Id*. at 499.  The party opposing settlement bears the burden of proof to show it was not made in good faith. Cal. Civ. Proc. Code § 877.6(d).

However, when no party opposes a good faith settlement application, both California and federal district courts "have found consideration of [*the Tech-Bilt*] factors unnecessary*.*"  *Spitzer v. Aljoe*, 2015 WL 6828133, at * 4 (N.D. Cal. Nov. 6, 2015); *Zahnleuter v. Lenhart*, No. 2:20-cv-02492-KJM-KJN, 2023 WL 2899255, at *1 (E.D. Cal. Mar. 6, 2023); *City of Grand Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987).  Rather, where there is no opposition to a good faith settlement application, "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient*."*  *City of Grand Terrace*, 192 Cal. App. 3d at 1261.

There is only one plaintiff and one alleged tortfeasor in this action. Furthermore, the time to oppose the Motion for Good Faith Settlement has passed. *See* Cal Civ. Proc. Code § 877.6(a)(2).  Thus, the Court need not review the *Tech-Bilt* factors.  Nevertheless, the Court has reviewed the application and accompanying declarations, and, finding the application to be made

in good faith, grants the settlement application.

For the reasons set forth above, the COURT FINDS that, under California Code of Civil Procedure §§ 877 and 877.6, the settlement agreement reached by the settling parties and the total settlement amount of $698,956.92 was reached in good faith, is a fair, adequate, and reasonable settlement as to the parties' claims, and constitutes a good faith settlement.

Concurrent with the filing of this memorandum, the court will sign and enter the stipulated judgment (Doc. 70-4 at Ex. 6, exhibit A). As set forth therein, the Court agrees to retain jurisdiction over the stipulated judgment only for a period of 18 months from the date of entry of the stipulated judgment.

The parties are ORDERED to file dispositional documents by no later than **July 28, 2023**. *See* E.D. Cal. Local Rule 160(b).

IT IS SO ORDERED.

Dated: __**July 7, 2023**__    _____
                              UNITED STATES MAGISTRATE JUDGE